**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26283-ALTMAN**

**JOSE DE LA CARIDAD GARCIA**,

*Petitioner*,

*v.*

**WARDEN, FEDERAL DETENTION CENTER**,

*Respondent*.
_________________________________/

**ORDER**

The Petitioner, Jose de la Caridad Garcia, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the constitutionality of his detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Petition [ECF No. 1]. But we can't adjudicate Garcia's Petition until he's corrected a procedural deficiency.

Garcia didn't sign his Petition under the penalty of perjury, which violates our Local Rules. In our District, all "[p]etitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 . . . . must be signed under penalty of perjury by [the] petitioner[.]" S.D. FLA. L.R. 88.2(a); *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). Garcia must therefore file an amended § 2241 petition that's signed under the penalty of perjury. If he fails to do that, we'll dismiss this case.

* * *

We therefore **ORDER AND ADJUDGE** that:

1. On or before **November 12, 2026**, the Petitioner must file an amended petition under 28 U.S.C. § 2241. The amended petition must be no longer than 20 double-spaced pages and **signed under the penalty of perjury**. The Petitioner must comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the District Courts by sufficiently stating (in a legible manner) the facts that support the grounds for relief available to him. The Clerk is **DIRECTED** to provide the Petitioner with a copy of this Court's approved form for 28 U.S.C. § 2241 petitions.

2. The amended petition must be labeled "Amended Petition" and must show the case number referenced above, so that it will be filed in this case. The amended petition will be the sole, operative pleading in this case, and only the claims listed in the amended petition will be addressed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The Petitioner may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3. If the Petitioner fails to file the amended petition on time and in compliance with our orders, we'll dismiss this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

4. The Clerk shall **administratively CLOSE** the case. We'll reopen this case once the Petitioner files his amended petition in compliance with this Order.

**DONE AND ORDERED** in the Southern District of Florida on October 29, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Jose de la Caridad Garcia, *pro se*