**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26283-ALTMAN**

**JOSE DE LA CARIDAD GARCIA**,

*Petitioner*,

*v.*

**WARDEN, FEDERAL DETENTION CENTER**,

*Respondent.*
_______________________________/

# ORDER

On October 29, 2026, we found that Jose de la Caridad Garcia—who'd filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241—violated our Local Rules when he failed to sign his Petition "under the penalty of perjury." Order to Amend [ECF No. 6] at 1. So, we directed him to file an amended petition "signed under the penalty of perjury" by November 12, 2026. *Id.* at 2. And we warned Garcia that if he failed "to file the amended petition on time and in compliance with our orders," we would "dismiss this case for failure to prosecute or failure to comply with court orders." *Ibid.* (citing FED. R. CIV. P. 41(b)).

That November 12, 2026, deadline has come and gone, and Garcia hasn't filed an amended petition or asked us for more time to do so. *See generally* Dkt. Garcia has thus ignored our orders and failed to prosecute his own case. As a result, the only appropriate sanction now is dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))).

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **DISMISSED without prejudice** for failure to prosecute and for failure to comply with this Court's orders. *See* FED. R. CIV. P. 41(b). The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on November 20, 2026.



**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Jose de la Caridad Garcia, *pro se*
counsel record